OPINION
Janice Hardy is appealing the judgment of the Montgomery County Common Pleas Court, which found her guilty of three theft counts, four forgery counts, and one count of receiving stolen property.
On June 16, 1998, the Huber Heights police department received a complaint from Peggy Matts, a citizen in Huber Heights, that someone other than herself had used her name, social security number, and date of birth to obtain a credit card from First USA Bank. Detective James Gebhart began investigating the case and discovered that Janice Hardy was using at least four different alias names and two different Ohio Operator's Licenses to obtain loans from First USA Bank. The detective's investigation showed Ms. Hardy's home address as 3819 Stormont Road. On July 16, 1998, Detective Gebhart obtained a search warrant by written affidavit for the Stormont Road address.
Detective Gebhart went to the Stormont Road address to execute the search warrant but no one was there. The detective then went to Ms. Hardy's workplace, but Ms. Hardy was not present. However, her employer informed the detective that the address he had for her was 4444 Owens Drive. Detective Gebhart then put together a one paragraph addendum to the affidavit for the search warrant to include the 4444 Owens Drive address. The detective presented this addendum to the same judge who had executed the first warrant the previous day and the judge approved the addendum. Detective Gebhart then went to the Owens Drive address, Ms. Hardy answered the door and the detective gave her the search warrant and advised her of her Miranda rights. Ms. Hardy spoke with the detective and told him where the documents he was looking for were located. Then Ms. Hardy accompanied the detective to the Stormont address where a search revealed items which were obtained by fraudulently obtained credit.
On February 10, 1999, Ms. Hardy was indicted on twelve counts of theft, twenty two counts of forgery, five counts of receiving stolen property, and one count of misuse of credit cards. On June 2, 1999, Ms. Hardy filed a motion to suppress. On July 7, 1999, a hearing was held on her motion. On July 29, 1999, the trial court overruled her motion finding that the search was within the scope of the search warrant and any statements made by Ms. Hardy were voluntary. On September 15, 1999, Ms. Hardy requested that the trial court reconsider its decision on the motion to suppress, raising for the first time the issue of whether the warrant was valid. On October 28, 1999, the trial court summarily denied the request. Subsequently, Ms. Hardy pled no contest to three counts of theft, four counts of forgery, and one count of receiving stolen property, and Ms. Hardy was sentenced to a four year term of imprisonment. Ms. Hardy appealed the judgment of the trial court in denying the motion for reconsideration of the motion to suppress. This Court reversed and remanded the case to the trial court to determine whether the addendum and its relationship to the search warrant that was issued was legally sufficient to authorize a search of the Owens Drive property, and if not, whether the good faith exception applies to the search.
On remand, the trial court did not conduct an additional hearing on the issue, nor was any additional evidence presented by either party. The trial court issued a two pronged judgment overruling Ms. Hardy's motion for reconsideration. In its opinion, the trial court reiterated that evidence was not presented by either party as to whether the addendum was attached to the affidavit and previous warrant when presented to the issuing judge and as to whether the detective swore to the information in the addendum before the issuing judge. Therefore, the trial court's opinion held that if the addendum was properly sworn to before the issuing judge then the warrant was legally sufficient to authorize the search of the Owens Drive address, but if the addendum was not sworn to, the search was still valid because the detective executed the warrant in good faith reliance on the approval of the judge. Ms. Hardy has filed this appeal from that decision.
Ms. Hardy raises the following assignment of error:
 CAN AN UNSWORN PARAGRAPH, UNATTACHED TO A PRIOR AFFIDAVIT AND NOT PRESENTED CONTEMPORANEOUSLY WITH THE ORIGINAL AFFIDAVIT, AND, NOT RESULTING IN THE ISSUANCE OF A SEPARATE WARRANT, BE USED TO CONDUCT A SEARCH OF A SECOND, UNREFERENCED ADDRESS?
Ms. Hardy argues that the trial court erred in overruling her motion to reconsider as the addendum was not presented to the judge issuing the warrant attached to the previous affidavit and warrant and was not sworn to before the judge, thereby making the search warrant legally insufficient and that good faith does not apply to the search warrant. We agree.
A warrant that has been issued for one building or house cannot be used to search another address. R.C. 2935.12, Crim. R. 41, State v. Owens
(1975), 51 Ohio App.2d 132, 148. Pursuant to Crim. R. 41, a search warrant may be issued "only on an affidavit or affidavits sworn to before a judge of a court of record." An addendum used when seeking a warrant may incorporate a previous affidavit, but it must do so by referencing the previous affidavit, being attached to the previous affidavit and swearing to the affidavit a second time before the same judge who issued the first warrant. Owens, supra. Thus, a sufficient affidavit for an incorrect address can only be used to authorize the issuance of a second warrant for the correct address only after it is attached to and incorporated by reference in a new properly sworn affidavit. Id. This Court has stated that an addendum can be part of an affidavit for a search warrant if the two are presented contemporaneously to the issuing judge and the judge administers the oath with the understanding of the police officer and the judge that the oath applies to both the affidavit and the addendum. State v. Thurman (July 2, 1991), Montgomery App. No. 12420, unreported.
On remand the trial court was to determine whether the addendum and its relationship to the search warrant that was issued was legally sufficient to authorize a search of the Owens Drive property. The trial court noted in its decision that neither side presented evidence on either whether the addendum was separately sworn to before the issuing judge or whether the addendum was attached to the previous search warrant and affidavit at the time it was presented to the issuing judge. With this lack of evidence the trial court acknowledged that whether the addendum was sufficient to authorize the search of the Owens Drive address was "a murky question." State v. Hardy (Aug. 20, 2001), Montgomery C.P. No. 98-CR-2627, unreported at 4. Therefore, the trial court did two separate analyses of whether the addendum was legally sufficient to authorize the search 1) if the addendum was properly sworn to before the issuing judge and 2) if the addendum was not properly sworn to, whether the search was valid under the good faith exception. The trial court found that the search was valid under either analysis because the addendum was legally sufficient if it had been sworn to and if not, the search was valid due to the good faith exception.
We will first address Appellant's arguments that the trial court erred in determining that if the addendum was not sworn to before the issuing judge, the search was still valid under the good faith exception. InUnited States v. Leon, the Supreme Court clarified that the exclusionary rule of the Fourth Amendment is designed to deter police misconduct rather than punish the errors of judges and magistrates. (1984),468 U.S. 897. Therefore the Supreme Court established a good faith exception to the warrant requirement stating that evidence obtained pursuant to an improper search warrant should not be suppressed if the police relied in good faith on the validity of the search warrant. Leon,supra; State v. Carter (1994), 69 Ohio St.3d 57.
However, the good faith exception does not apply for example, where the affidavit bore some facial invalidity so obvious that the executing officers could not have presumed it valid. Leon, supra at 923. An officer is charged with a certain minimum level of knowledge of the law's requirements. State v. Rees (Nov. 27, 1989), Gallia App. No. 88-CA-17, unreported. It is appropriate to exclude evidence produced by an improper warrant where the warrant itself is so facially deficient that officers cannot reasonably presume it to be valid, and exclusion of evidence produced thereby is appropriate. State v. Jefferson (Aug. 6, 1999), Montgomery App. No. 17695, unreported citing Massachusetts v.Sheppard (1984), 468 U.S. 981.
The addendum that the detective took to the issuing judge simply consisted of a single paragraph stating the detective's basis for his belief that Ms. Hardy resided at the Owens Drive address. The addendum was titled, "Addendum to Affidavit for Search Warrant," and at the bottom Detective Gebhart had signed his name above the word "affiant." Also, the addendum was signed by the issuing judge who wrote "approved" and the date and time. Ms. Hardy asserts as the basis for her motion to suppress that the detective took only this document into the issuing judge's office without the original affidavit and search warrant and that the detective did not swear to the truth of the information in the addendum before the issuing judge. Therefore, Ms. Hardy argues that the detective failed to comply with the requirements in Thurman and Owens, that the addendum and the original affidavit be presented contemporaneously to the issuing judge and that the detective swear to the truth of the statements in the addendum. The State asserts that even if the addendum presented by the detective failed to meet these requirements, the evidence obtained from the search should not be suppressed because the detective was acting in good faith reliance on the issuing judge's approval. We disagree.
The detective was able to fulfill all of the requirements for a legally sufficient affidavit and warrant the day prior to writing the addendum. This addendum, without being attached to the previous day's affidavit and search warrant, was missing many of the requirements for a warrant. Clearly, the addendum by itself was not a legally sufficient affidavit meriting a search warrant, nor would it amount to a search warrant on its own. Moreover, the detective was either aware or can be charged with the knowledge that when attempting to obtain a warrant he is required to give an oath as to the truth of the statements in the affidavit meriting the search warrant. If in this case, no oath of any form was given as to statements in the addendum, the detective had to minimally know that the warrant was incomplete or improper. The State does not argue that the oath was simply misstated and the detective in good faith relied on the misstated oath. Rather the State asserts that even if the detective, who had to swear to the information in the first affidavit just the previous day in order to obtain a warrant, took no oath as to the truth of the information in the addendum, the search warrant from the previous day was not facially invalid for a search on the Owens Drive address. We cannot agree, but find that the search warrant was invalid on its face for the Owens Drive address and the detective could not have relied on it in good faith. The judgment of the trial court that even if the addendum was not sworn to and attached to the original search warrant and affidavit, it was valid under the good faith exception is reversed.
Additionally, the State argues that because no evidence was presented that the addendum was not attached to the previous day's affidavit and search warrant or that the addendum was not sworn to, then the addendum was legally sufficient to authorize the search of the Owens Drive address. Ms. Hardy argues that the addendum was not legally sufficient to authorize the search of the Owens Drive address because no evidence was presented that the addendum was attached to the first affidavit and search warrant or that the detective had sworn to the truth of the statements in the addendum. Clearly, this issue needs to be clarified. If, as Ms. Hardy suggests, the addendum was not attached to the previous affidavit and search warrant when it was presented to the issuing judge and the detective did not take an oath as to the veracity of the addendum's statements, then the addendum was not legally sufficient to authorize the search of the Owens Drive address. However, if, as the State asserts, the detective did present the addendum to the issuing judge attached to the first affidavit and search warrant and the detective swore to the truth of the statements in the addendum, then pursuant to Thurman and Owens the addendum was legally sufficient to authorize the search of the Owens Drive address. As neither side presented any evidence to the trial court on these issues, we see no recourse but to remand this case to the trial court to conduct a hearing and determine whether the addendum was attached to the first affidavit and search warrant when it was presented to the issuing judge and whether Detective Gebhart took an oath before the issuing judge on the truth of the statements contained in the addendum.
Finally, the State argues that even if the addendum failed to be legally sufficient to authorize the search of the Owens Drive address and the good faith exception failed to apply, the evidence should not be suppressed because the search was not a constitutional violation. The State asserts that failing to have the addendum attached to the first affidavit and search warrant when presented to the issuing judge and failing to swear to the truth of the statements in the addendum merely amount to a procedural error and not a constitutional violation and therefore, the exclusionary rule should not apply. The Ohio Supreme Court has held that the exclusionary rule will not apply to evidence obtained in violation of state law, unless there is a violation of constitutional rights. State v. Thompson (1987), 33 Ohio St.3d 1, 8. Moreover, the Court has declined to apply the exclusionary rule to non-constitutional violations of Crim. R. 41. State v. Wilmoth (1986),22 Ohio St.3d 251, 263-64. The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
We think that the violation in this case amounts to more than a procedural violation of the statute. If Detective Gebhart failed to take an oath on the statements in the addendum and failed to attach the addendum to the first affidavit and search warrant when he presented it to the issuing judge, then this amounts to a constitutional violation., Appellant's assignment of error has merit and is sustained. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
WOLFF, P.J. and GRADY, J., concur.